# Third District Court of Appeal
## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1497
Lower Tribunal No. F01-28383
_____

**Clarence Lawton,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before SCALES, MILLER, and BOKOR, JJ.

SCALES, J.

Appellant Clarence Lawton appeals a July 29, 2022 trial court order finding no probable cause to conduct a trial on whether to release him from civil commitment. Lawton was determined to be a sexually violent predator under the Jimmy Ryce Act, section 394.910 *et seq.* of the Florida Statutes.[1] He has been subject to civil commitment at a treatment facility since his release from prison in 2010. On January 6, 2022, Lawton filed a "Petition for Release" pursuant to section 394.918, alleging that there is probable cause to believe that Lawton's "condition has so changed that his release will pose no danger to the community, and he will not engage in acts of sexual violence if released."

The trial court held a two-day evidentiary hearing on Lawton's petition at which the trial court received testimonial and documentary evidence from two medical professionals, as well as several treatment progress reports from the facility at which Lawton is housed. After weighing the evidence presented, and after assessing the credibility, methodology and factual bases for the testimonial evidence, the trial court entered a detailed, six-page

---

[1] In 1999, Lawton was charged with lewd assault, pled guilty, and was sentenced to 364 days in jail followed by six years of probation. In 2001, Lawton was charged with attempted sexual battery, pled guilty, and was sentenced to ten years in prison.

order determining that Lawton had failed to meet his burden to establish the requisite probable cause.

On appeal, Lawton essentially asks this Court to reweigh the evidence and come to a different conclusion from that of the trial court. Our standard of review, however, is to determine whether the trial court's conclusion is supported by competent, substantial evidence. <u>Abaunza v. State</u>, 278 So. 3d 207, 210 (Fla. 1st DCA 2019). Indeed, in conducting this review, we look only at the evidence supporting the trial court's findings. <u>Id.</u> at 210-11. We conclude that the trial court's findings are supported by competent, substantial evidence in the record – to wit, the facility's reports and a 2021 risk assessment report – and affirm the challenged order.

Affirmed.